IN THE

# SUPREME COURT OF TENNESSEE,

FOR THE

## WESTERN DIVISION.

---

JACKSON, APRIL TERM, 1888.

---

MILLER *v.* WILSON.

(*Jackson.* April 21st, 1888.)

1. GARNISHMENT. *Judgment. Record to support. Recitals.*

Judgment of the Circuit Court against a garnishee, rendered on appeal from a Justice, cannot be sustained in the Supreme Court upon a record, purporting to be complete, which contains neither the execution nor the original judgment or certified execution under which the garnishment proceedings were had, although the existence and contents of the missing papers are recited fully in the Justice's judgment and the garnishment notice copied in the record.

Cases cited and approved: Pickler *v.* Rainey, 4 Heis., 335; Taylor *v.* Kain, 8 Bax., 35.

---
Miller *v.* Wilson.
---

2. SAME. *Answer of garnishee. Waiver.*

    Appearance and answer of a garnishee, in the absence of a direct admission, is no waiver of the production in evidence of the original execution and the judgment or certified execution on which it was issued.

    Case cited and approved: Pickler *v.* Rainey, 4 Heis., 335.

---

FROM GIBSON.

---

Appeal in error from the Circuit Court of Gibson County. W. H. SWIGGERT, J.

Appeal by a garnishee from a judgment rendered against him in the Circuit Court on appeal from a Justice of the Peace. The original execution and judgment and certified execution, under which the garnishment proceedings were had, though fully recited in the Justice's judgment and the garnishment notice, were not contained in the record for this Court, which purported to be complete. The garnishee's answer did not admit the existence or contents of those papers.

T. J. HAYES for Miller.

NEIL & DEASON for Wilson.

LURTON, J. The appellant has appealed from a judgment rendered against him as garnishee. The transcript of the record from the Circuit Court con-

tains a notice duly served upon Miller by a Constable, summoning him to appear before a Justice of the Peace and answer as to his indebtedness to one Thetford. This notice recites that there was in the hands of the Constable giving the notice an unsatisfied execution in favor of Wilson, and against Thetford, and that Thetford had no property out of which the execution could be satisfied. This notice is, in all respects, full and formal, and no objection is made thereto. The garnishee duly appeared, as required, and made answer in writing as to his indebtedness. Judgment was rendered against him by the Magistrate, and from such judgment he appealed to the Circuit Court. The bill of exceptions to the action of the Circuit Court contains an affidavit made by the garnishee seeking to amend his answer, and an order of the Court overruling the application to amend. Then follows this recital:

"Whereupon the cause was heard upon the original papers in the case, which papers are as follows."

Then follows the notice, the answer of the garnishee, the judgment of the Justice against the garnishee, and the appeal bond; and the bill of exceptions concludes with the usual statement that "this was all the evidence in the case." The judgment of the Justice, one of the papers above referred to, contains a recital that it "appeared that on the 11th of February, 1880, J. W. Wilson, executor of P. Wilson, for the use of John

O. Connor, recovered a judgment before F. G. Sampson, Justice of the Peace for Dyer County, Tennessee, against Isaac Thetford for $184.10 and cost of suit; and whereas, on the 27th of October, 1887, execution was issued thereon by W. N. Tucker, a Justice of the Peace for Dyer County, and cost, which execution has come to my hands in pursuance of § 3786 of the Code of Tennessee, and that *fi. fa.* was issued by me, and returned by F. J. Bruff, C. G. C., that there was no property of the defendant to be found upon which to levy this *fi. fa.*, I therefore give judgment," etc., etc.

These recitals show jurisdiction in the Justice; but do the same facts appear in such a way as to justify and sustain the judgment subsequently rendered by the Circuit Court? There is no transcript of the original judgment in favor of Wilson, and against Thetford, and there is no copy of either the execution from Dyer County, upon which a Gibson County Magistrate issued his execution, nor of the execution in the hands of the Constable at the time he summoned the garnishee to answer.

Can the proof of the existence of such a judgment be rested upon either the recitals in the notice or in the Justice's judgment? We are of opinion that neither can be looked to for any such purpose. Such recitals are not evidence against the garnishee upon appeal to the Circuit Court. *Pickler* v. *Rainey*, 4 Heis., 335; *Taylor* v. *Kain*, 8 Bax., 35.

It is insisted, however, that the answer of the garnishee operates as a waiver of the necessity of such proof. The appearance and answer of a garnishee will undoubtedly operate to waive any objections to the notice or its service. But these objections go deeper. The jurisdiction to render a judgment against a garnishee depends upon a judgment against his creditor, an unsatisfied execution, and due notice by the officer having such execution. The answer contains no admission of any such judgment or execution, and it operated only to waive defects in the notice, or its service or issuance. The remedy given a creditor by garnishment is decidedly summary in character, and rests upon the statute. The jurisdictional facts necessary to authorize a judgment not appearing, it follows that the judgment is erroneous. For this defect we reverse the judgment, and dismiss the cause at the cost of the defendant in error. *Pickler* v. *Rainey*, 4 Heis., 335.