Railway Company *v.* Brooks.

RAILWAY COMPANY *v.* BROOKS.

(*Jackson.* April 18, 1891.)

1. GARNISHEE. *Cannot impeach original judgment.*

Garnishee cannot impeach the original judgment for mere irregularity not rendering it absolutely void.

Cases cited and approved: Cowan *v.* Lowry, 7 Lea, 620; Miller *v.* O'Bannon, 4 Lea, 398; Carpenter *v.* Bank, 1 Lea, 202; Stanley *v.* Nelson, 4 Hum., 484.

2. SAME. *Same. Example of an irregularity.*

Judgment is not void which is obtained before a Justice of the Peace upon service of process by a special officer appointed upon a defective affidavit, which failed to show "the business was urgent." This was a mere irregularity.

3. SAME. *Judgment against garnishee without written notice, void.*

Judgment against garnishee, rendered without due service of written notice upon him, and without his appearance or waiver of notice, is void. Verbal notice given him by the officer to appear and answer will not suffice.

Code construed: §§ 3800, 4220 (M. & V.); §§ 3087, 3479 (T. & S.).

Cases cited: Hearn *v.* Crutcher, 4 Yer., 461; Moody *v.* Alter, 12 Heis., 142; Miller *v.* O'Bannon, 4 Lea, 403.

4. SAME. *Same. Not cured by service of scire facias.*

If the conditional judgment is void for want of service upon or appearance by the garnishee, then the final judgment rendered upon service of the *scire facias,* but without appearance of the garnishee, will be void also.

Code construed: §§ 3804, 4227–4229 (M. & V.); §§ 3091, 3486–3488 (T. & S.).

11—6 P

Cases cited and approved: Hogshead *v.* Caruth, 5 Yer., 227; Railroad *v.* Todd, 11 Heis., 556.

---

FROM OBION.

---

Appeal in error from Circuit Court of Obion County.  W. H. SWIGGART, J.

BARR & JONES for Railway Company.

No counsel for Brooks.

CALDWELL, J.  This proceeding was commenced in the Circuit Court of Obion County by petition for *certiorari* and *supersedeas* to quash an execution issued by a Justice of the Peace against petitioner as garnishee.

The petition, being heard in connection with the Magistrate's papers, was dismissed, on motion of the defendant, for want of merits on its face. There is an appeal in error from that action of the Circuit Judge.

Petitioner alleged the rendition of a judgment in favor of Brooks against Dill, and thereafter certain attempted garnishment proceedings against it as a debtor of Dill; that under these proceedings a conditional judgment was rendered by the Mag-

istrate against petitioner in favor of Brooks for the amount of his debt against Dill; and that thereafter a final judgment was rendered on the conditional judgment against petitioner, from which final judgment the execution complained of was issued and placed in the hands of an officer for collection.

Petitioner then impeached the execution against it as invalid for two reasons: (1) That the judgment against Dill, on which the garnishment proceedings were predicated, was void; (2) that no written notice of garnishment was served on petitioner, or any one representing it.

These reasons will be considered separately, in the order named:

*First.*—The allegation against the original judgment is that it was bad because rendered on a summons served by a *special* officer, who had been appointed to make the service without a proper affidavit having first been made, the affidavit failing to state that "the business was urgent." This is a question which could have been made by Dill, the defendant, alone. The petitioner, a garnishee, cannot contest the validity of the judgment on which the garnishment is based. *Cowan* v. *Lowry,* 7 Lea, 620.

The same conclusion follows, by analogy, from that line of cases in which it is decided that only the judgment debtor, and not a garnishee, can complain of the fact that execution against the former was issued within the time allowed by stat-

ute for an appeal, and on insufficient affidavit. See *Ib.*, 625; *Miller* v. *O'Bannon*, 4 Lea, 398; *Carpenter* v. *Bank*, 1 Lea, 202; *Stanley* v. *Nelson*, 4 Hum., 484.

Moreover, the matter complained of was but an irregularity, and did not render the judgment void.

*Secondly.*—The petitioner alleges, in substance, and the return of the officer shows, that there was no written notice to the petitioner, as garnishee or otherwise, and that the only notice it had was given by the officer's reading to petitioner's agent an execution in the case of Brooks against Dill, and at the same time verbally telling him to appear and answer, etc.

This was clearly not sufficient notification, and petitioner was, by the law, allowed to ignore it utterly, as it seems to have done, with impunity. The statute requires written notice, and there is no other means by which a person may be lawfully summoned and required to answer as garnishee. See Code, §§ 3800 and 4220; Hist of Lawsuit, Sec. 346 (Martin's Ed.); 11 Heis., 549.

The written notice is the original process by which the garnishee is brought before the Court, and the only authority which the officer or judgment creditor has for demanding his appearance and a disclosure of his *financial and property relation to the judgment debtor. Hence, a judgment without service of written notice is a nullity, unless notice be waived, and the burden of showing a waiver is on the garnishment creditor—the one claiming the benefit of it.

Any defect in garnishment proceedings may be waived as defects in other legal proceeding may be waived. *Hearn* v. *Crutcher*, 4 Yer., 461; *Moody* v. *Alter*, 12 Heis., 142; *Miller* v. *O'Bannon*, 4 Lea, 403. In this case there is nothing even indicating a waiver.

There was no appearance by the garnishee or any one for it. Failing to appear, conditional judgment was entered against it for the amount of the plaintiff's debt, and *scire facias* was issued commanding it to show cause why judgment final should not be rendered; and, upon its failure then to appear, the conditional judgment was made final and execution awarded. These proceedings by the Magistrate seem to have been regular and according to the statute (Code, §§ 3804, 4227–4229), with the important exception that there was no service of written notice in the first instance. Because of that vital omission all that followed was a nullity. The issuance and service of the *scire facias* did not cure that defect, or have any effect upon it; nor did the failure of the petitioner to defend the *scire facias* change the case already made. That process did not take the place of the requisite garnishment notice, which is the original process in garnishment proceedings; but it is the regular writ to be resorted to under the statute, when a garnishee, duly served with written notice originally, fails to appear, and thereby permits conditional judgment to go against him. It is in no sense a substitute for the original process, and may with-

out peril be ignored if there was no written notice in the first instance. Both the *scire facias* and the judgment thereon, like the conditional judgment on which they are based, are invalid, if in fact there was no original process, and no appearance and waiver in either instance.

The garnishee may make the same defense to the *scire facias* that he might have made to the original garnishment summons (*Hogshead* v. *Caruth,* 5 Yer., 227); but he may disregard it altogether where there was no such summons in writing, as in the present case, and afterward supersede the execution.

It has been held that service of an attachment writ on a party proceeded against, and attempted to be sued as a garnishee, was not sufficient to bring such party before the Court, and that the service of written garnishment notice was indispensable to the accomplishment of such a legal result. *Railroad* v. *Todd,* 11 Heis., 556.

The law requiring written notice in such a case is the same as that applicable to this case.

Reverse and remand.