*In re* MECHANICS' BANK & TRUST Co., *et al.*

(*Knoxville.* September Term, 1921.)

GARNISHMENT. Garnishee to be summoned to appear at place where judgment on which execution issued was entered.

Shannon's Code, section 4815, providing for summoning a person as garnishee to appear "at the next term of the court" from which the unsatisfied execution issued, contemplates his being summoned to appear at the place where the judgment on which the execution issued was entered; and so the judgment being one of the supreme court, and having been entered, and execution having issued, while it was in session at Nashville, garnishee is to be summoned to appear there, though the next term is at Knoxville (section 4827).

Cases cited and approved: State ex rel. v. Hebert, 127 Tenn., 220; Seawell v. Murphy, 3 Tenn., 478; Kaylor v. Brunswick, 53 Tenn., 239; Railroad v. Todd, 58 Tenn., 555; Karr v. Schade, 75 Tenn., 298; Bryant v. Bigelow, 77 Tenn., 137; Walton v. Sharp, 79 Tenn., 582.

Code cited and construed: Secs. 4815, 4827 (s.).

---

FROM KNOX.

---

Original Motion in the Supreme Court to quash garnishment notice.

WRIGHT, WRIGHT & SAXTON, for Mechanics' Bank & Trust Co.

WEBB, BAKER & McDERMOTT, for Wholesale Merchants' Warehouse Co.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

An execution was issued by the clerk of this court at Nashville, addressed to the sheriff of Knox county, upon a decree entered in this court at Nashville in 1918 in favor of the Wholesale Merchants' Warehouse Company and against William J. Oliver and others.

The sheriff, upon receipt of said execution, served the following garnishment notice upon the Mechanics' Bank & Trust Company of Knoxville, Tenn., to wit:

"State of Tennessee, Knox County.

"To Mechanics' Bank & Trust Co. of Knoxville, Tenn.: I summon you to appear before the supreme court of Tennessee, sitting at Knoxville, Tennessee, on the 12th day of September, 1921, the same being the first day of the next term of said supreme court to be held at Knoxville, at ten o'clock a. m., to answer on oath whether you are indebted, at the time of the service of this garnishment, or at the time of answer, to the Oliver Company, William J. Oilver, or Horace Vandeventer, against whose property I have in my hands an execution in favor of Wholesale Merchants' Warehouse Company which they have no property in my county to satisfy, and if so, how and to what amount; and also to state whether you have in your possession or under your control, any property, debts, or effects belonging to the said Oliver Company, William J. Oliver or Horace Vandeventer at the time of serving this notice, or that you have at the time of answering, or that you may have had between the time of service and the time of answering, and the kind and amount; or whether there are, to

your knowledge or belief any and what property, debts, or effects in the possession or under the control of any other person, and what person.

"This——day of June, 1921. W. T. Cate, Sheriff, by J. E. Nichols, Deputy Sheriff."

Said garnishee has filed a written motion asking this court to quash said notice upon several grounds, the principal one being that the notice should have required the garnishee to appear before the court at Nashville instead of at Knoxville.

Section 4815 of Shannon's Code is as follows: "The officer, in whose hands is an unsatisfied execution, may summon, in writing, any person as garnishee, to appear at the next term of the court from which the execution issued, or before the justice of the peace to whom the execution is returnable, as the case may be, and answer the garnishment."

The execution in question was issued in June, 1921, at which time this court was in session at Nashville. The next term of this court, subsequent to the issuance of said execution, being at Knoxville, counsel for the warehouse company interpreted the statute to mean that the sheriff, under the statute, properly summoned the garnishee to appear before this court at Knoxville instead of at Nashville.

If the statute were given this construction it would mean that had the execution in question been directed to the sheriff of Davidson county, and by him executed by garnishment on a Nashville bank, he would have had to summon the garnishee to appear before this court at Knoxville. Or, where an execution issues from the

chancery court at Johnson City, addressed to the sheriff of Sullivan county, if it happens that the next term of the chancery court of the First chancery division meets at Greenville, and the execution was levied by garnishment, the sheriff would have to summons the garnishee to appear at Greenville.

This was not the intention of the statute. While true that this court is one and indivisible and is the court of the whole State and has power as such throughout the State and in every civil district thereof, as stated in *State ex rel.* v. *Hebert,* 127 Tenn., 220, 154 S. W., 957, it is equally true that the chancellor of the First chancery division has power as such throughout every county and civil district within his chancery division, but by law he is required to hold terms of court in each county of his division, and the statute in question does not contemplate that an execution issuing from his court in Washington county and executed by garnishment, shall require the garnishee to appear and answer in the county of the division in which the chancellor holds his next term of court.

The statute contemplates that the garnishee shall be summoned to appear at the place where the decree was entered upon which the execution issued.

In practice this has been the custom throughout the State, and the legal profession has given the statute this construction. Any other construction would result in much trouble, inconvenience, and expense.

Section 4827 of Shannon's Code is as follows: "The garnishee against whom judgment has been rendered, is entitled to a certificate from the clerk or justice, stating

the date and amount of the garnishment judgment, in whose favor and in what case rendered, which certificate shall have all the force and effect of a receipt against the original debt, and entitle the garnishee to a credit to the amount thereof on the original judgment, or on the execution, if already issued, to be entered by the justice or officer.

The statute just quoted contemplates a certificate issued by the clerk from whose court the execution issued; that is, the clerk who has custody of the records, who is familiar with the *status* of the cause, and who can credit the original decree with the sum paid by the garnishee.

This court has held that in order to sustain the garnishment and to obtain a judgment against the garnishee, there must be a valid, subsisting, and unsatisfied judgment against the defendant, and there must also be an execution shown by the records to exist. *Seawell* v. *Murphy,* Cooke, 478; *Kaylor* v. *Brunswick,* 6 Heisk., 239; *Railroad* v. *Todd,* 11 Heisk., 555; *Karr* v. *Schade,* 7 Lea, 298; *Bryant* v. *Bigelow,* 9 Lea, 137; *Walton* v. *Sharp,* 11 Lea, 582.

In the case under consideration the foregoing facts could be shown by producing certified copies of the proceedings at Nashville, but, as previously stated, such a practice would be troublesome and expensive and beyond the intent of the act.

In most instances the debtor resides within the division or county where the decree is entered, and it would, as a general rule, be more convenient for the garnishee to appear at such place. By appearing there the garnishee has the opportunity of examining the record, the

decree, the execution, and the execution docket, and is thus enabled to determine for himself the regularity and validity of the proceedings. Likewise the creditor is saved the trouble, expense, and delay of procuring certified copies of such records to be filed in some other court. The clerk in custody of the records is familiar with the exact *status* of the cause, which would not be true as to a clerk in some other division or county only to the extent that he is advised by certified copies of the records filed with him.

For the reasons stated above, we are of the opinion that the sheriff was in error in summoning the garnishee to appear before this court at Knoxville, and it results that the motion to quash will be sustained.