ROWLAND et al. v. QUARLES.—100 S. W. (2d), 991.

Middle Section.   January 18, 1936.

Petition for Certiorari denied by Supreme Court, January 16, 1937.

G. Henry Tyne and William C. Sugg, both of Nashville, for plaintiffs in error R. F. Rowland and National Life & Acc. Ins. Co.

J. Vaulx Crockett, Jr., of Nashville, for defendant in error, C. R. Quarles.

CROWNOVER, J. This was a suit by C. R. Quarles against R. F. Rowland for the collection of a debt of $75.

The case originated before a justice of the peace and resulted in a judgment for the plaintiff, C. R. Quarles, on December 11, 1933. On January 24, 1934, an execution was issued. On the same day the deputy sheriff who had the execution issued and served a garnishment on the National Life & Accident Insurance Company. Defendant-garnishee filed an answer on February 1, 1934, that it was not indebted to the employee, Rowland. On February 19, 1934, another garnishment was issued on same execution by the deputy sheriff and served on defendant company, without an alias execution. Defendant company answered on February 22, 1934, that it was not indebted to defendant Rowland and would not be on February 27, 1934, the time when the garnishment was answerable. On February 22, 1934, after said answer was filed, a conditional judgment was rendered against defendant-garnishee for $75 and costs, with an order requiring defendant insurance company to appear before the justice on March 17, 1934, and show cause why the judgment should not be made final. A scire facias was served on defendant-garnishee, from which it appealed.

On May 15, 1934, the case was tried before the Honorable John

T. McCall, special judge, without a jury, and judgment was rendered in favor of the defendant Nationa' Life & Accident Insurance Company. On June 6, 1934, the plaintiff made a motion for a new trial, which was granted on July 6, 1934, and the judgment was set aside.

This case was again tried on December 17, 1934, before the Honorable A. B. Neil, without a jury, and resulted in a judgment for the plaintiff, Quarles.

The defendant's motion for a new trial was overruled on December 29, 1934. On January 12, 1935, the defendant National Life & Accident Insurance Company made a motion in arrest of judgment, which was overruled, and it has appealed in error to this court, assigning errors, which are, in substance, that the court erred in rendering the judgment because:

1. There is no evidence to support the judgment.

2. The evidence preponderates against the judgment.

3. That the record shows that no conditional judgment was rendered against the defendant-garnishee upon which to base a final judgment.

4. That the judgment rendered against the defendant-garnishee is void, because no conditional judgment was rendered against said defendant.

The facts of the case are as follows: The plaintiff, Quarles, sued the defendant Rowland in the magistrate's court on a debt' and recovered a judgment on December 11, 1933. On January 24, 1934, an execution was issued on this judgment. The officer, on the same day, caused a garnishment to be issued against the defendant's employer. On one side of the execution form were the words:

"Came to hand same day issued and—

"This the ———— day of ———— 193—.

"————————
"Deputy Sheriff."

No return was made on this page of the execution. Upon another side, however, the following return was made:

"Garnishment Return.

"Came to hand same day issued, there being no property of the Defendant to be found in my county to levy this Fifa upon to satisfy same, I run Garnishment upon Nat. Life Accident Ins. Co., a copy of which is herewith filed and is a part of this return. This the 24 day of Jan., 1934.

"J. H. Alexander, Deputy Sheriff."

The National Life & Accident Insurance Company, through its treasurer, answered that it was not indebted to the defendant Rowland.

The officer kept the execution issued on January 24th, in his possession, and on February 19th, caused another garnishment to

be issued to the National Life & Accident Insurance Company, ordering the company to answer on February 27th. On February 22d, the company, through its treasurer, answered the garnishment that it was not indebted to Rowland. The treasurer also wrote a letter to the same effect to the justice of the peace. The same day the justice of the peace rendered a judgment against the company.

A scire facias was issued on March 13th against the company ordering it to appear on March 17th and show cause why the conditional judgment, rendered on February 22d, should not be made final.

The company appeared and a trial was had and a final judgment was rendered, on April 10th, against the company.

The defendant Rowland had been in the employment of the insurance company for many years. About a year before suit was instituted by the plaintiff, he suffered serious financial difficulties due to illness and other causes. The company, through its regular pay roll, advanced him a half month's salary in order to straighten up his difficulties. A short while later, another half month's salary was advanced. He was supposed to reimburse the company as soon as his condition improved. As is often the case, however, when one becomes involved in financial difficulties, his condition grows worse, and he was not able to repay the advance. Since he was an old and valuable employee, the company continued paying his salary in advance, semimonthly.

Later, however, the treasurer, who was also the paymaster, found that this advance was crippling his working fund. When he made a similar advance to another employee some months later, he transferred the advance, for his own convenience, without notifying directly either of the employees concerned, to another ledger and continued paying the salary in advance.

When the employee Rowland was sued, and the company was garnished, the company was still paying the salary a month in advance. It so answered the garnishment.

After answering the second garnishment, on February 22, the company paid Rowland his semimonthly advance on that day, as usual, without being ordered to do so by the court, and a conditional judgment was rendered against it, which later was made final.

1. The first question involved is whether the magistrate's execution in this case was exhausted after the service and return of the first garnishment? Should a new execution have been issued or could another garnishment be served on the old?

■ A proceeding on execution by garnishment is in the nature of a sequestration of the effects of a debtor, in the hands of his

debtor for the payment of his debts. Cheairs v. Slaten, 3 Humph., 101; 2 Michie's Tenn. Digest, 164.

The proceeding against the garnishee is not a distinct suit, but is an incidental proceeding in the original cause for the purpose of obtaining satisfaction of a subsisting judgment against the defendant. Kaylor v. Brunswick, 6 Heisk., 235, 237; 2 Michie's Tenn. Digest, 164.

A garnishment in aid of execution must be based upon a valid, existing, unsatisfied judgment and execution against the principal defendant. Gibbs v. Bourland, 6 Yerg., 481; Hinkle v. Currin, 2 Humph., 137; Baldwin v. Merrill, 8 Humph., 132; Haynes v. Gates, 2 Head, 598, 599; Woodfolk v. Whitworth, 5 Cold., 561, 567; Kaylor v. Brunswick, 6 Heisk. 235; Karr v. Schade, 7 Lea, 294; Walton v. Sharp, 11 Lea, 578, 582; Alley v. Myers, 2 Cooper's Ch. 206, 209; 2 Michie's Tenn. Digest, 165.

There is no question that a valid judgment was rendered against the defendant Rowland on December 11, 1933, and that an execution was issued on this judgment on January 24, 1934.

When an execution is issued, it is the duty of the sheriff (or deputy sheriff) to return it with a sufficient response thereon, within thirty days after its issuance, either to the justice who issued it, or to the justice having possession of his papers. Code section 10106 (29). It must be returned within thirty days, and if it be not returned, it becomes functus officio, that is, of no avail, or dead. Clingman v. Barrett, 25 Tenn. (6 Humph.) 20, 21; 1 A. L. R. 263, note; 2 A. L. R. 181, note; Cowan, McClung & Co. v. Sloan, 95 Tenn. (11 Pick.), 424, 32 S. W., 388.

A justice of the peace cannot issue an alias or pluries execution until the execution previously issued is returned, or affidavit made accounting for its absence, and showing that it is unsatisfied. Code, section 10139 (10).

The execution in this case would and did have life for a period of thirty days from January 24, 1934, that is, throughout the day of February 23, 1934, unless something else intervened to deprive it of this life or authority.

An execution that would ordinarily be alive for thirty days if nothing were done would become functus officio if a return was made on it before the thirty days were passed. This return consists of two things: (1) To take the paper back to the office from which it issued. (2) To show by indorsement and signature what has been done under it. If the officer has done these two things, that is, made his return, as it was his duty to do, the execution has performed its office, and cannot be again issued for any purpose. It is then functus officio. Its proper place then is with the warrant and other papers in the magistrate's office, where it will serve to show what steps have been taken on the judgment, and

upon which an alias execution can be based. Paine v. Hoskins, 71 Tenn. (3 Lea), 284, 287, 288.

■ It is not disputed in this case that the officer made no attempt to find any personal property of the debtor, Rowland, before summoning the garnishee, as he was required to do under Code, section 8960. The attorney for the plaintiff testified that he had already made a search for the personal property of the defendant Rowland and could not find any, and that he instructed the officer to run the garnishment on the same day that he received the execution. It appears from the evidence that the officer would have found nothing, even if he had tried.

The officer only performed one of the two things necessary to a return of the execution, after he had caused the first garnishment to be issued—that is, he showed by indorsement and signature what had been done under it. He did not, however, take the paper back to the office from which it issued. He kept it in his possession. If he had taken it back to the office after indorsing it and signing it, there can be no doubt that the execution would have become functus officio, thereby requiring an alias execution to support a new garnishment. But since he did not carry it back, the execution remained alive until the end of the thirty-day period, that is, until February 23, 1934.

■ Since the execution was still alive on February 19, 1934, when the second garnishment was procured, and since it and the judgment were still unsatisfied, nothing was reached on the first garnishment, we are forced to the conclusion and so hold that the second garnishment was valid. That a proper return was never made, by the officer on the execution, as was his duty, we must also conclude. However, that does not concern us here, for the garnishee was properly in court under Code, section 8946.

2. We are of the opinion that the first assignment of error, that there was no evidence to support the judgment, must be sustained.

■ It is evident that the company did not owe the defendant Rowland anything. They had already paid him a month in advance and were still paying his salary in advance.

The procedure of garnishment is purely statutory. The officer, in whose hands is an unsatisfied execution, summons the garnishee to answer the garnishment. Code, section 8946. The garnishee is then required to answer: (1) Whether he is, or was at the time of the garnishment, indebted to the defendant; if so, how and to what amount; (2) whether he had in his possession or under his control, any property, debts, or effects belonging to the defendant, at the time of the serving the notice, or has at the time of answering, or has had at any time between the date of service and the time of answering; and, if so, the kind and amount; (3) whether there are,

to his knowledge or belief, any and what property, debts, and effects in the possession or under the control of any other, and what, person. Code, section 8947.

The company answered, on oath the first time, that it was not indebted. It did not answer on oath when the second garnishment was served and there is nothing in the record showing that it was required to answer on oath. The answer does not have to be under oath, unless it is demanded. Code, section 8947; Fleshman v. Trolinger, 18 Tenn. App., 208, 74 S. W. (2d), 1069.

It is insisted that the company cannot pay a salary in advance. Cumberland Telephone & Telegraph Co. v. Jenkins, 1 Tenn. Civ. App. (1 Higgins), 203.

"Test of right of judgment creditor to judgment against garnishee is existence of indebtedness owing by garnishee to judgment debtor. . . .

"Liability of garnishee to judgment debtor must clearly appear to warrant judgment against garnishee." Mahan Motor Co. v. Lyle, 167 Tenn., 193, 67 S. W. (2d), 745.

"Creditor can occupy no higher ground than debtor in asserting rights against garnishee.

"Garnishment process can reach only debts absolutely existing." Gray v. Houck, 167 Tenn., 233, 68 S. W. (2d), 117.

"Aside from questions which may be presented by proof of fraud and collusion, no garnishable debt can arise from a contract for personal services where the employee is paid in advance. This rule is especially applicable where the contract of employment is merely at will, or where there is a contract for a definite term but the advance payments are made pursuant to its terms, but it obtains also where there is no contractual provision for advance payments and such payments are made merely as an accommodation to the employee, although the contract of employment is for a definite term. In most of the cases there are intimations that advance payments collusively made in order to defraud the employee's creditors would not be sustained as against subsequent garnishment; but nevertheless payment in advance is usually sustained where there is no evidence of fraud other than the desire of the employee, known and indulged by the employer, to avoid garnishment.

"Where wages are earned but not presently payable are garnished, payment thereof in advance after service is ineffective. Where the liability of the garnishee reaches salaries and wages earned after service and pending the garnishment proceedings, it is generally held that this does not include compensation for services rendered but paid for in advance during such interim; and accordingly such payments will be sustained where they are made pursuant to a contract entered into prior to service, or even where the contract for advance payment is made after service by way of

modification of an existing contract, for the purpose of avoiding garnishment, or where the payments are made as a matter of accommodation, without contract therefor, for a like purpose. It has also been held that equitable garnishment is not available to reach salary or wages earned, but paid for in advance after service, although such payments are made pursuant to a new contract entered into after service by way of modification of a contract already existing at such time. But it has been held that advance payments are ineffective where the contract under which they are made is entered into after service by way of modification of an existing contract, or where they are voluntarily made without a new contract, especially where the statute specifically provides that earnings pending garnishment are subject thereto. In most instances the rulings against the payments are based upon the fraudulent character of the payments, or at least upon suggestions of fraud. Likewise some of the cases sustaining the payments contain intimations that fraudulent and collusive payments would be ineffective. In some jurisdictions statutes have been enacted in avoidance of the rule established by the cases that compensation earned and paid for in advance after service and pending garnishment is not reached by garnishee process against defendant's employer.'' 28 C. J., 172-174, section 218; VanVleet v. Stratton, 91 Tenn. .(7 Pick.), 473, 19 S. W., 428. The latter case is conclusive of this question.

The payment on February 22d was a voluntary payment of wages in advance, which the company was under no compulsion to make and over which the court had no control. There were none of the defendant's funds over which the court could exercise control within its hands at any of times mentioned in the statute, and which it became the duty of the company to hold for the disposition of the court. Rowland was already paid a month in advance and was only working out that which he was bound to for which he had been fully compensated. Hence, the company was not indebted to him and cannot be held.liable as garnishee for this debt due Quarles. Therefore the first assignment of error must be sustained.

The second assignment of error must also be sustained, for the same reasons, for the evidence greatly preponderates, against the judgment.

■ 3. We are of the opinion that the third assignment of error, that the record shows that no conditional judgment was rendered against the defendant upon which to base a final judgment, must be overruled. It is difficult at first to determine exactly in whose favor the conditional judgment was rendered on February 22, 1934. The judgment is certainly not in a conditional form and lacks certainty as to the parties against whom it was rendered. The judgment was set forth on the original of the garnishment,

issued, on February 19, to the "National Life Casualty Company," by the officer. The officer's return had the company's title in these words: "Natl. Life Ins. Co." The name of the company, however, was practically set out correctly once: "Garn. to Natl. Life & Acc. Co. Issued 19th day of Feb. 1934."

The judgment itself was set out as follows on the bottom of the garnishment: "C. R. Quarles v. R. F. Rowland. Judgment for the Pltf. and against the Defendant for $84.50 and interest at ———— %, for which execution may issue. This the 22nd day of February 1934. W. H. Binns, J. P."

This judgment by itself is incomplete. A judgment, however, had already been rendered against Rowland, as a cursory survey of the whole writing shows. Hence, the "defendant" in this case must refer to the defendant-garnishee, the National Life & Accident Insurance Company. It is in no sense, however, rendered in a conditional form, being rather in a final form. It is only by reference to the scire facias which was issued later that we find that it was intended as a conditional judgment. It was the intention of the justice of the peace, however, to render a conditional judgment against the defendant-garnishee, as is shown by the rest of the record. Since the defendant-garnishee appeared and did not question the form in which the conditional judgment was rendered, and since it participated in a hearing on the merits, we can hold that it was a conditional judgment and that any defects in its rendition were waived by the defendant-garnishee.

If the garnishee had failed to receive service upon it and had failed to appear thereby, the final judgment rendered on it would have been void. Illinois Cent. Ry. Co. v. Brooks, 90 Tenn. (6 Pick.), 161, 16 S. W., 77, 25 Am. St. Rep., 673. The appearance and participation in the hearing cured these defects, which were formal. Hence, we must overrule this assignment of error.

4. We are of the opinion that the fourth assignment of error, that the judgment rendered against the defendant-garnishee is void, because no conditional judgment was rendered against said defendant-garnishee, must also be overruled, since we have already held that a conditional judgment was rendered against the defendant-garnishee.

It results that all the assignments of error except one are overruled and the judgment of the lower court is reversed. A judgment will be entered in this court in favor of the plaintiff in error, the National Life & Accident Insurance Company, and against the defendant in error, C. R. Quarles.

The cost of the cause including the cost of the appeal is adjudged against the defendant in error, C. R. Quarles.

Faw, P. J., and DeWitt, J., concur.

Opinion on Petition for a Rehearing and for Additional Finding of Facts.

CROWNOVER, J. This case is again before us for a rehearing and for additional finding of facts. After another examination of the record, we are constrained to deny the petition, as the insurance company owed Rowland nothing when the garnishment was served.

██ Mr. Rowland was being paid a salary semimonthly at the rate of $333.34 monthly at the time. Some time before this garnishment was served the company advanced to Rowland a half month's salary, $166.67, which was shown on its books, but it found that this arrangement interfered with the bookkeeping system; and the treasurer then, without consulting Rowland, issued to him each time a check showing on its face that it was for the half month's salary when issued, but in reality he was being paid a half month's salary in advance, as he had already been paid a half month's salary in advance, which sum he owed the company, as fully explained in our original opinion; and all the argument about the showing made on the face of the checks does not alter the fact that a half month's salary had been advanced to Rowland, and the company actually owed him nothing when the garnishment was served.

We think our original opinion fully covers the facts and the law applicable to the case, and the petition is therefore denied.

Faw, P. J., and DeWitt, J., concur.