# W. M. STONECIPHER et al. v. KNOXVILLE SAVINGS & LOAN ASSOCIATION.—298 S. W. (2d) 785.

Eastern Section. November 20, 1956.

Petition for Certiorari denied by Supreme Court, February 8, 1957.

O. L. White, Knoxville, for plaintiffs in error.

John L. Whitaker, Knoxville, for defendant in error.

HOWARD, J.  This appeal involves a dispute between a judgment creditor and the judgment debtor's garnishee, against which a judgment was rendered in the Circuit Court of Knox County.  On July 22, 1949, the judgment creditor, Knoxville Savings & Loan Association, obtained a judgment against William M. Stonecipher in the General Sessions Court of Knox County.  On July 26, 1955, the judgment being unsatisfied, an execution issued and garnishment was served upon Stonecipher's employer, Broadway Metal & Roofing Company, where he was employed as a salesman.

On August 2, 1955, answer under oath being demanded,

the president of the garnisheed company, M. M. Anderson, answered ex parte, as follows:

"Comes the garnishee in this cause and says that at the time of service of this garnishment ———— was indebted to William M. Stonecipher in the amount of $ None and that he or she had earned $339.78 ———————— Dollars for the month of July, 1955."

A subpoena duces tecum was issued requiring the garnishee to produce "all payroll records, social security records, and tax withholding records for the month of July, 1955, pertaining to William M. Stonecipher," and upon a hearing on August 26th, a conditional judgment for $128.02 was entered against the garnishee, which became final on September 23, 1955. On appeal to the Circuit Court the Circuit Judge affirmed the judgment of the General Sessions Court, from which the garnishee perfected a broad appeal to this Court where, under our procedure, the case is reviewable de novo. Fletcher v. Russell, 27 Tenn. App. 44, 177 S. W. (2d) 854; T. C. A. sec. 27-113.

By assignments of error it is urged that the Circuit Judge erred in rendering a judgment against the garnishee, Broadway Metal & Roofing Company, (1) because the proof showed, and the Court so found, that on the date the garnishment was served the garnishee did not owe the judgment debtor anything, but that he owed the garnishee $460, and (2) that the garnishment was void because it failed to show on whom served, and it was not signed by an officer.

Upon a review of the bill of exceptions, which is in narrative form, we find nothing therein to support the con-

tention that the judgment debtor was indebted to the garnishee on the date the garnishment was served, July 26, 1955.

We quote from the bill of exceptions, as follows:

"At the hearing in Circuit Court, Mr. Anderson (President of Garnishee) testified that, * * * Stonecipher would go out and solicit orders and my company would do the work and we divided any profits equally and losses equally. As Mr. Anderson expressed it, he 'let' Stonecipher have $134.91. Mr. Anderson admitted that this payment was made to Stonecipher after the service of the garnishment; that the garnishment was served on July 26, 1955, and that the garnishee paid Stonecipher $134.91 on the following August 5th about ten days later. *This was to come out of commissions which Stonecipher had earned up to the date of service of the garnishment.* Mr. Anderson stated that he 'let' Stonecipher have $134.91—that Stonecipher needed it as expense money. On cross-examination Mr. Anderson was asked if the term 'expense money' was not a new angle (afterthought) and if he did not use in Sessions Court the expression 'payment' to which Mr. Anderson replied that he did not know what term he used in Sessions Court, whether 'payment' or something else. * * *" (Emphasis supplied.)

It appears that Stonecipher severed his connection with the Broadway Metal & Roofing Company on January 1, 1956, at which time he owed the company $864.65.

██ Garnishment is a proceeding whereby the plaintiff seeks to subject to his claim property of the defendant in the hands of a third person or money owed by such

third person to defendant. The person in whose hands such effects are attached is the garnishee, because he is garnisheed, or warned, not to deliver them to the defendant, but to answer the plaintiff's suit. Upon its service the property, effects, or debts in the hands of the garnishee are in the custody of the law, and beyond the control of either the garnishee or the judgment debtor. 38 C. J. S., Garnishment, sec. 1, p. 199.

In the instant case the garnishee's answer not only shows that Stonecipher had earned $339.78 for the month of July 1955, but its president admitted that the $134.91 paid to Stonecipher came "out of commissions which Stonecipher had earned up to the date of service of garnishment."

Under the circumstances the garnishee had no right after service of garnishment upon it to pay to the judgment debtor the funds attempted to be reached. It was beyond its power to deal with the debts and claims involved. If the garnishee had had any legal or equitable grounds for resisting the demand of the judgment creditor, it should have complied with the established procedure provided therefor.

In Cumberland Telephone & Telegraph Co. v. Jenkins, 1 Tenn. Civ. App. 203, the Court said:

"We understand the law further to be that the garnishee, after service of process, must retain the debt or funds attached, and must bring them into Court and have the Court decide the relative rights of the judgment creditor, the judgment debtor, and himself; and that if he, without judicial authority, undertakes to hand over the funds or pay the debt to the judgment debtor, he will be held liable as of the day

on which notice is served. It will not do, however meritorious the claim of the judgment debtor, and how commendable soever may be the motive of the garnishee, to allow the garnishee to hand over, without official sanction, the funds that have been attached in his hands. The dangers incident to such a practice are too obvious for comment. If the garnishee has legal and equitable grounds for resisting the demand of the judgment creditor, he should do so through the channels of the law." Tenn. Civ. App. at page 207.

■ Nor do we find any merit in the garnishee's contention that the garnishment was void because it failed to show on whom served, and was not signed by an officer. It appears that no objections were made at either of the hearings below regarding the garnishee's appearance, and the rule is well settled that where garnishee voluntarily appears and answers, he waives all defects in the garnishment summons, or in its service on him. T. C. A. 19-424; T. C. A. 19-425; Saunders v. Moore, 21 Tenn. App. 375, 110 S. W. (2d) 1046; Moody v. Alter, 59 Tenn. 142.

It results that the judgment below will be affirmed at plaintiff-in-error's costs.

McAmis, P. J., and Hale, J., concur.