Green, J.
delivered the opinion of the court.
The principal question in this case is, whether Hearn is liable for more than the $97 00, due to Stone, after deducting the amount of the notes on Stone from the amount of moneys in Hearn’s hands belonging to Stone.
Hearn says that he had collected moneys as sheriff of Wilson county for Stone, and had paid him at various times $1050; that as stone and himself came to no settlement, he took Stone’s due bills for the sums paid him. The court is of opinion, that this statement shows that the money collected by Hearn, as sheriff, was paid to Stone; that the advances were intended by Hearn as a payment, and that the due bills were only taken as evidences of such payment, to be used by Hearn on a settlement as vouchers for him; for Hearn also states, that when he settled with Stone, he charged no interest on the notes. The reason he did not, must be, that he considered the moneys advanced at the date of each note, as being the payment of so much then due to Stone.
Hearn further states, that on the 28th of March, 1831, Stone enclosed to him a deed of trust, conveying certain *474 property to secure the payment of the due bills he had given to him, and certain other debts therein mentioned. The deed of trust exhibited, provides for the payment of these due bills, and various other debts. Hearn says be accepted the deed of trust, for the purposes expressed in it, caused it to be proved, and sold on the 29th day of May, 1S31, all the property conveyed thereby, which he could get, to the amount of $1,941 68f. He also says, that at the same time the deed of trust was sent to him, there was also enclosed a receipt signed by Stone in these words: “1831, March 15th: Received of John Hearn, sheriff of Wilson county, all fees in his hands, or that may hereafter come to his hands.” He did not intend to rely on the receipt, but was willing to account for all the moneys he might owe Stone. We are-of opinion that the acceptance of this deed of trust by Hearn, as a security for the payment of the due bills executed by Stone to him, and the sale of the trust property to an amount sufficient to satisfy them, replaced in his hands the whole .fund derived from the fees collected by him for Stone, in a condition to be attached in his hands by Stone’s creditors; that Hearn thenceforth held this fund, not in his official character as sheriff, but that it was in his hands as a private individual.
Stone evidently intended by the receipt, and the deed of trust, that Hearn should be indemnified for his advances out of the trust property, so that the fund derived from fees collected, should remain in Hearn’s hands protected from his. creditors, and to be appropriated to his own use. Hearn wras too honest to second his views in this; but having accepted the indemnity provided in the trust deed, the fund remains in his hands, not for Stone, but for his creditors.
The objection to the attachments which were-issued against Slone, is obviated by his appearance and confession of judgment. Having confessed a judgment in each of these cases, Stone cannot insist upon its reversal on *475 account of any defect m the attachments; and as Hearn s , , , , , „ , ... iiabnty to this garnisheement depends upon btone s ha-bility, Hearn can insist upon no objection which would not be good in favor of Stone.
Hearn’s appearance and answer, is a waiver of any defect in the garnishee summons. Its office is ended so soon as the garnishee appears and submits to answer.
Let the judgment be affirmed.
Judgment affirmed.