MILLER, STEWART & CO. *v.* E. O'BANNON *et al.*

1. ASSIGNMENT. *Rights of assignee and judgment creditor claiming under levy of execution.* As between the assignee under a general assignment for equal benefit of all the creditors, and judgment creditors of the assignor, claiming under an execution levy, it is a race of diligence, and the judgment creditor will not be deprived of the fruits of his diligence merely on the ground that the levies were made "just before or while said assignment was being written."

2. EXECUTION. *Issued upon insufficient affidavit not void.* An execution issued prematurely by a Justice of the Peace without a sufficient affidavit is not void, but valid until set aside, and no one can take advantage of the irregularity except the defendant, nor even he collaterally.

3. SAME. *Garnishment. Answer of garnishee waives notice.* The appearance and answer of the garnishee waives the objection to the notice, which although authorized by the officer having in his hands the execution, and signed in his name, was neither written, nor served by him, nor do these facts give the assignee of the judgment debtor any ground in equity to follow the fund in the creditor's hands.

4. ASSIGNMENT. *Registration notice to debtors.* The registration of a trust assignment does not perfect the title of the assignee to the assignors choses in action as against creditors, but there must be notice to the debtors before garnishment.

5. EXECUTION. *Levy.* A levy on bulky articles in a closed cellar through a crack in the door will be good if the articles be kept in view by the officer until surrendered by the debtor

FROM SHELBY.

Appeal from the Chancery Court at Memphis. R. J. MORGAN, Ch.

Miller *v.* O'Bannon.

CLAPP & BEARD and H. E. JACKSON for Complainants.

HARRIS & TURLEY and J. O. PIERCE for Defendants.

COOPER, J., delivered the opinion of the Court.

O'Bannon & Morris, lessees and proprietors of the Peabody Hotel, in the city of Memphis, on the 3rd of March, 1876, made an assignment to the defendant, E. P. Phillips, in trust for the benefit *pro rata* of all their creditors, of their " rights, interest, property and effects" in said hotel, including " notes, books, accounts, and choses in action." This assignment was noted for registration at five minutes before eleven o'clock of the forenoon of that day. The contest is between the assignee and two of the creditors of the assignors, who claim to have acquired, by virtue of the levy of executions, a prior and superior title to some of the effects assigned. The Chancellor decided in favor of the trustee, and the creditors appealed.

Phillips filed his cross bill against all the creditors of O'Bannon & Morris, with a view to have the amounts of their respective claims ascertained, and the trust administered by the Court. He further sought to compel the appellants, Oliver, Finnie & Co. and Victor D. Fuche, two of those creditors, to account for moneys received by them by the sale of some of the property intended to

be included in the deed, by virtue of execution levies made on the same day.

The charge of the bill is that these creditors, just before and while said assignment was being written, sued out some kind of legal process from certain Magistrates' Courts for the purpose of obtaining a preference over the other creditors, and collecting their debts in full, and had said process levied on a large amount of the property of O'Bannon & Morris, which was intended by them to be conveyed by said assignment in trust for the benefit of all their creditors in common.

The appellants answered, insisting that they had sued out legal process, and had, by the levy thereof, acquired a lien on the property and effects mentioned, before the registration of the assignment.

The proof in relation to Oliver, Finnie & Co.'s demand is, that, by service of a warrant issued by a Justice, O'Bannon & Morris were summoned to appear at 9 o'clock of the morning of the 3rd of March, 1876 ; that, failing to appear, a judgment was promptly taken at the hour designated ; that, at 10 o'clock of the same morning, one of the plaintiffs made oath that unless an execution was issued at once they " were in danger of losing their debt ;" that an execution was, thereupon, issued and levied upon the property in controversy before the assignment was noted for registration. The garnishment notices were also issued and executed before the assignment was noted, on which

judgments were afterwards had against the garnishees.

The bill admits, and the proof shows, that the levies were made before the deed of assignment was noted for registration. There is nothing to show collusion between the creditors and debtors, nor anything impeaching the good faith of the former proceedings. In this view, if there was nothing else. in the case, the facts would only show a race of diligence between the creditors, and the appellants would be entitled to the advantage secured.

It is argued, however, that the execution was void, because prematurely issued upon an insufficient affidavit, and that the proceedings under it were, consequently, void also.

By the common law, as soon as final judgment was signed execution might issue, unless there was a writ of error depending or an agreement to the contrary: Tidd's Pr., 994.

The Code prescribes the time within which it is made the duty of the proper officer to issue execution, without interfering with the common law rule: Code, sec. 3009, *et seq*. But, as under our practice, it is in the power of the Court, during the term, to set aside a judgment. the execution cannot properly issue until the expiration of the term without an order of Court: Code, sec. 3010. And as, also, time is given for the stay of a Justice's execution, the execution cannot issue with-

in that time except by the act of the Justice, on good cause, shown by affidavit: Code, sec. 3011. After the adjournment of Court, the Clerk may issue execution at any time, and it is made his duty to issue it upon affidavit filed that the defendant is about fraudulently to dispose of, conceal or remove his property, to the endangering of the plaintiff's debt: Code, sec. 3009. The same affidavit is equally efficacious with .a Justice of the Peace. Whether any other facts shown by affidavit would be good cause, it is unnecessary to enquire. The great weight of authority is that an execution prematurely issued is not void, but valid until set aside, and no one can take advantage of the irregularity, except the defendant himself, nor even he, collaterally: Freeman on Ex., sec. 25.

Our own decisions are in accord, and that, too, in the case of a Justice's execution: *Stanley* v. *Nelson*, 4 Hum., 484; *Carpenter* v. *Savings Bank*, 1 Lea, 202.

As between the judgment creditor and the assignee of the debtor's property, the only question is one of title.

The garnishment notices in this case were authorized by the Constable who held the execution, and were issued in his name, but neither signed nor served by him. It is argued that they were void. The provision of the Code is that the officer, in whose hands is an unsatisfied execution, may summon, in writing, any garnishee. Whether such a garnishment notice would stand the test of

a contest by the garnishee, may admit of doubt: *Hogshead* v. *Carruth*, 5 Yer., 230.

It has been repeatedly held, however, that the appearance and anwer of a garnishee waives any objection that might have been taken to the notice: *Moody* v. *Alter*, 12 Heis., 142; *Hearn* v. *Crutcher*, 4 Yer., 475.

It is further argued that even if the judgment of garnishment was good, the right of the creditor would, under the circumstances—the garnishees having no knowlege of the defect in the notice—date only from the rendition of the judgments against the garnishees, which was after the registration. Although the garnishees may be ɪ ot ;ted, the creditor, it is insisted, should be made to refund: *Haynes* v. *Gates*, 2 Head, 602.

The garnishment notices having been run before the deed of assignment was noted for registration, or, so far as appears, even executed, and in good faith, there is nothing affecting the conscience of the defendants upon which the court of equity can base any decree requiring them to pay over the money to the complainant.

It comes back to the race of diligence and the question of title.

The liability of the garnishees to the judgment debtor was a mere debt or chose in action. The registration of the trust assignment did not perfect the assignee's title to these choses in action. That could only be done by notice to the persons thus indebted: *Flickey* v. *Long*, 4 Bax., 169; *Dews* v.

*Olwill,* 3 Bax., 432; *Lambreth* v. *Clarke,* 10 Heis., 32; *Clodfelter* v. *Cox,* I Sneed, 330; *Allen* v. *Baïn,* 2. Head, 101.   No such notice was given in this case prior to the judgments, nor, under the circumstances, ought the judgment creditors to be deprived of their legal rights, merely because they continued to prosecute them after notice of the assignment.

It is further objected that the evidence discloses the fact that the Justice probably deputed a person to execute the warrant, on which the judgment was rendered, without any effort on the part of the plaintiff to find a regular officer: Code, secs. 4148, 4148*a*.    But the Magistrate's power. to deputize being clear, his action cannot be collaterally impeached.

The officer who had in his hands the execution of V. D. Fuche seems to have made his levy, which was upon four casks of wine, by looking through an opening of the cellar door, which was fastened.    But the bill admits the levy, and that it was prior to the assignment, and the complainant himself proves that the officer who, either in person or by agent, had kept guard over the cellar, was permitted by him to take the articles under the levy, upon giving up a levy which he had also made on the table linen and other articles.    Strictly speaking, the bill makes no contest in regard. to the levies of either of the appellants.

It goes upon the theory that the levies were

void, by reason of the fact that the deed of assignment was being drawn up at the time, and that all the creditors were secured.

By asserting their legal rights acquired prior to the trust, the appellants neither impeached the trust, nor lost their rights under it: Hadley's case at Nashville, December Term, 1879.

The Chancellor's decree must be reversed, and a decree entered here in favor of the appellants, with costs.