CITY OF BRISTOL *v.* DELINQUENT TAXPAYERS.

(*Knoxville,* September Term, 1942.)

Opinion filed February 27, 1943.

CURTIN & HAYNES, of Bristol, for appellants.

JOSEPH A. CALDWELL, of Bristol, for appellee.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

In this suit for delinquent taxes the chancellor rendered a decree in favor of the City of Bristol for the amount of taxes due but without interest and penalties. The defendants appealed from so much of the decree as held them liable for taxes and the City appealed from that part of the decree denying recovery for interest and penalties.

The Court of Appeals reversed the decree of the chancellor except as to taxes for one year. The latter action is not called in question by petition for *certiorari*. The City has filed a petition for *certiorari* insisting that the defendants are liable for taxes, interest, and penalties for the years they were exonerated by the decree of the Court of Appeals.

The basis of the decree of the Court of Appeals was that the assessments for the several years were void and we think that decree was right.

The tract of land appears to be within the city limits of Bristol. It was described for some of the years merely as "Knobs," the supposed acreage and value following. For other years it was described merely as "Watauga Ave." with the supposed acreage and value following.

Section 1353 of the Code prescribes the manner for making assessments of real estate in some detail. Added to that section, however, is the following:

". . . but a failure to assess according to this law shall not in any wise vitiate the assessment or sale of lands under the same, and parol testimony shall always be admissible to supply a description of land on the assessment roll or in conveyance for taxes, where such testimony will show what land was assessed and sold, and there is enough in the description on the roll or conveyance to be applied to a particular tract or parcel of land by aid of such testimony."

In *State ex rel.* v. *Collier,* 160 Tenn., 403, 428, 23 S. W. (2d), 897, 905, we said:

"Under the statute, if there is enough in the description contained on the assessment roll to be applied by proof to a particular parcel of land, the assessment is good. This is merely adopting into our tax laws the rule prevailing for the test of the sufficiency of a description of land under the statute of frauds."

Under the Statute of Frauds the descriptive terms employed together with the parol proof must be such as to point out some especial parcel of land to the exclusion of any other parcel of land. *Case* v. *Brier Hill Collieries,* 145 Tenn., 1, 235 S. W., 57.

The descriptive term "Knobs" certainly does not identify any particular tract of land. No more does

the descriptive term "Watauga Ave." The parol proof in this case tends to show that there is a particular section of Bristol known as "The Knobs." However it appears that there are about 300 acres in this section and there are only 40 or 50 acres in the tract here involved. Little attempt is made to urge the sufficiency of the descriptive term "Watauga Ave."

■ It is said, however, that the proof shows that the parties to whom this tract of land was assessed, Reynolds, Cox and Martin, for some years, and Reynolds, Cox and Caldwell for other years, owned no land other than this tract in the Knobs and owned no land other than this tract on Watauga Avenue. It may be said parenthetically that the tract of land does not touch Watauga Avenue by some 200 feet or more. The column in the assessment roll showing to whom property is assessed is no part of the description of the property. Land is frequently assessed to the wrong owners and corrections have to be made. Section 1352 of the Code provides that in assessing real estate the following shall be shown: "(1) The description of the property; (2) the name of the true owner or owners," etc., etc. So by the statute, the name of the owner and the description are distinct and separate things.

■ The City also assigns for error that the Court of Appeals improperly failed to take into consideration section 1493 of the Code which provides that county courts are empowered to relevy and reassess back taxes where the original assessments have been declared void by any court, etc., etc.

The Court of Appeals could not consider the relevancy and application of this section of the Code on the record before it. The City prayed a special appeal from the

chancellor's decree only calling in question that part of his decree which denied the recorvery of interest and penalties on the taxes which he allowed.

Petition for *certiorari* denied.