GENERAL TRUCK SALES, INC.

*v.*

RICHARD SIMMONS.

*(Nashville,* December Term, 1960.)

Opinion filed March 10, 1961.

J. Shelby Coffey, Jr., and MacFarland & Colley, Columbia, for appellant.

James B. Ross, Columbia, for appellee.

Mr. Justice Burnett delivered the opinion of the Court.

In 1957, General Truck Sales sued Simmons. A pro confesso was entered against him, and a judgment and final decree entered thereon on April 28, 1958, giving General Truck a judgment of $3,667.52 against Simmons.

A Fieri Facias was issued on August 3, 1959, but it shows no return. The second Fieri Facias was issued on

April 4, 1960, which shows on the reverse side thereof, "I appoint Ed Workman Special Deputy to serve this writ" and then it is signed by the Sheriff of the County. This Fieri Facias likewise does not show any return.

On the same day that this second Fieri Facias was issued a garnishment was issued by the said Ed Workman, Constable, addressed to the M. C. West Construction Company, summoning it to appear before the Chancery Court on the 8th day of April, 1960. This garnishment shows that it was executed by delivering to the Construction Company a copy of the same on April 6, 1960. On the following day an answer was filed by the Construction Company, stating that Simmons had earned $1,755.39 in the last fifteen days; that they owed him this amount at the time the notice was served on them. The said sum of money was paid into court.

On April 12, 1960, Simmons filed a motion to quash this writ of garnishment on a number of grounds. The first ground stated is really the bone of contention in this lawsuit. This ground is that the record shows that this Fieri Facias did not show any service or return of any officer as required by Section 26-401, T.C.A., and Section 26-502, T.C.A., and that a nulla bona return is necessary before a garnishment may be legally issued.

Before proceeding to other questions raised herein we will answer this one.

Garnishment of debts in this State is made available in aid of an execution. *Smith v. United States Fire Ins. Co.*, 126 Tenn. 435, 150 S.W. 97, 45 L.R.A.,N.S., 266, Ann.Cas.1913E, 196. It is purely a statutory proceeding which arose under Chapter 89 of the Acts of 1811 and is now codified as Sections 26-501 and 26-502, T.C.A.,

as far as is here concerned. The statute is in derogation of the procedure at common law because it takes from the debtor without any notice to the debtor, but with a notice to the garnishee, and without a hearing as far as the debtor is concerned property which, except for the statute, would be exempt from execution.

In this State under our statutes (Section 26-501, T.C.A.) as a condition precedent to the garnishment on a judgment, an execution must have issued on the judgment. In other words there must be in existence an execution which is essential to the validity of the garnishment. In re *Mechanics' Bank & Trust Co.*, 144 Tenn. 495 234 S.W. 332.

Code Section 26-401, referred to in the assignment here under consideration, merely provides that executions shall be levied on goods and chattels in the first place if there be any to the officer's knowledge, and, if not, or if they are not sufficient to meet the demands of the execution, then they shall be levied upon the lands of the judgment debtor.

Code Section 26-501, T.C.A., provides that:

"The officer, in whose hands is an unsatisfied execution, may summon, in writing, any person as garnishee, to appear at the next term of the court from which the execution is issued, or before the justice of the peace or any other court to whom the execution is returnable, as the case may be, and answer the garnishment."

The Section immediately following, to-wit, 26-502, T.C.A. (these two sections being a part of Chapter 89 of the Acts of 1811, as subsequently amended), provides:

"The officer having an execution *shall not summon a garnishee, if he can find* personal property of the debtor in his county sufficient to satisfy such execution." (Emphasis ours.)

██ Thus it is that we have the two Sections of the Code setting forth what is necessary to be done before a garnishment can issue. In the first of these two Sections it is said that an officer may summon anyone as a garnishee if he has an unsatisfied execution, but the following Section makes it absolutely mandatory upon him that he "shall not summon a garnishee, if he can find personal property * * *" There is absolutely nothing in our statutes, as is in many, particularly the New Jersey and New York statutes, which must show a return of an execution unsatisfied, or nulla bona as the contention here is. The only provision of the statute is, as quoted at least twice heretofore, that he shall not summon the garnishee "if he can find personal property * * *" Since the garnishment was served herein, we must conclude that the officer could not find personal property of the debtor in his county and thus the garnishment was served on the Construction Company. Our reason for this is that in the first instance the Statute is absolutely prohibitive of the service of a garnishment if there is personal property and thus under the clear provision of all of our cases, it is presumed that a sworn officer does his duty. Thus it is that it must be presumed that this sworn officer, when he could not find personal property, levied the garnishment. We have no case in this State directly in point on the proposition. The closest one to it is the Court of Appeals case of *Rowland v. Quarles,* 20 Tenn.App. 470, 100 S.W.2d 991, wherein there was no nulla bona return, but counsel informed the server of the process that there

was no personal property and the court says that even if he had looked for personal property he would not have found any, and thus this was sufficient.

█ We think in the instant case in the absence of a showing to the contrary it must be presumed that this officer did his duty as was required by statute (26-502, T.C.A.) and when he found no personal property he levied the garnishment. Of course, the better practice, and this applies to lawyers when they are having a garnishment issued, is to see that the return shows that there was no personal property found, or some such statement, and the garnishment executed as commanded, requiring such person to appear at a certain time and answer certain statements as required of a garnishee.

A related question to what we have said above as to the presumption that an officer has done his duty is found in *Cox v. City of Bristol*, 183 Tenn. 82, 191 S.W.2d 160.

██ It is next contended that the return on the garnishment showed that it was served by Ed Workman, Constable, and that it was thus illegal and unauthorized and in violation of Section 8-810, T.C.A., and that it did not show, that is the Fieri Facias, that it was ever placed in the hands of the Sheriff to be executed as required by this Code Section. This Code Section (8-810, T.C.A.) is a long Section of the Code setting forth the duties of a Sheriff. Code Section 8-821, T.C.A., authorizes a Sheriff to appoint as many "special deputies as he may think proper". This clearly gives the Sheriff the right, when in his judgment it is necessary, to appoint a Special Deputy for any particular occasion. We do not have to know the reasons of why a Sheriff appoints "so and so" as a Special Deputy for a purpose. The probability is

that the reason this person was appointed was that this man may have lived in an outlying district of the county away from the county seat where these parties resided. Be that as it may, it makes no difference. The record here shows that the Sheriff, and the Sheriff signed it himself, appointed this man, Workman, as his Special Deputy to serve this writ. Thus he had the authority, that is Workman did, to serve the writ and the garnishment as a Special Deputy regardless of whether or not he signed on there as Constable. He was an appointed Special Deputy by the Sheriff for this purpose, thus the appointment of this man was clearly authorized under the statute.

By way of argument, the appellant argues that the statement of counsel of the Truck Sales Company on a motion to depauperize Simmons, that Simmons had much real property, should be taken as evidence herein and as another argument why the garnishment should not issue, that is, that the execution should have been levied on the real estate rather than to issue a garnishment. This question arises, as we have said, on the motion to depauperize. The Chancellor overruled said motion and allowed the appeal on the pauper's oath. Clearly, the Chancellor must have had before him other things than the statement alluded to about the real estate. In other words if the real estate was encumbered, then the probability is that the man who owned the real estate couldn't secure a bond and was thus a pauper in the sense of being allowed to appeal on the pauper's oath. We must conclude that things of this kind were before the Chancellor in his action hereon.

Aside from what we said above as to the validity of this garnishment, clearly under our authorities the appearance and answer of the Construction Company op-

erated as a waiver to any of the objections made herein. This Court nearly a hundred years ago in *Moody v. Alter, Winston & Co.*, 59 Tenn. 142, said this:

> "Be this as is may, it appears in this case that Tiner, the garnishee, appeared and answered, and admitted his indebtedness to the defendants; and this, we hold, waived any objection that might have been taken to the summons."

There are numerous other authorities holding likewise, such as *Hearn v. Crutcher*, 12 Tenn. 461; *Miller v. O'Bannon*, 72 Tenn. 398; *Miller v. Wilson*, 86 Tenn. 495, 7 S.W. 638; *Illinois Central R. Co. v. Brooks*, 90 Tenn. 161, 16 S.W. 77, 25 Am.St. Rep. 673, and others that might be found by Shepardizing the question.

We have been rather interested in working on the question here involved and have done a good deal of independent research in addition to the able briefs that were filed herein. The out of State authorities are not of any particular help because the statutes in different states are different. Such are set forth in 33 C.J.S. Executions sec. 406, p. 757, et seq. For the reasons stated herein the judgment of the Chancellor sustaining the garnishment must be affirmed.