Milligan, J.,
delivered the opinion of the Court.
This is an application for a mandamus, to compel James R. Pace, a Justice of the Peace of Hawkins County, to issue an execution on a judgment, which he had rendered in favor of the defendants in error.
The petition was presented to the Circuit Judge in open' Court, and sets out as the grounds of the application, that the defendants -in error were citizens of the State of Pennsylvania, and resided in the City of Philadelphia. That they had recovered a judgment against one L. E. Fernandez, for about $224.28, with costs; and that the issuance of an execution thereon had been staid, and the limitation of the stay had expired. That the Justice was insolvent, and refused to issue execution, etc.
The writ was awarded, and the Justice, Pace, appeared in open Court, entered his appearance, and ■admitted the facts as stated in the petition; and assigned as the reason for not issuing the execution, that the Legislature of the State of Tennessee, had, by An Act of the General Assembly, passed, the 8th day of May, 1861, suspended the collection of debts due to citizens of the Free States.
The Circuit Judge held that the State of Tennessee *3 had not changed her relation to the Federal Government, and that the Legislature had no Constitutional authority to pass the Act in question, and ordered the Justice to issue the execution, etc. From which there is an appeal in error, to this Court.
"We are of the opinion, that there is no error in the record. The Act of Assembly in question, was passed on the 8th of May, 1861, only two days after the “Declaration of Independence, and Ordinance dissolving the Federal relations between the State of Tennessee and the United States of America,” were adopted by the Legislature, and exactly one month before the Ordinance was ratified by the people of the State. It follows, as a corollary, that if the Legislature would have had authority to pass any such Act, after the alleged separation of the State from the Federal Government, it had no such authority at the date of the passage of this Act. The people had not given their assent to it, from which it derived all its vitality, (if indeed it ever had any, which we are not prepared to admit.) But wo are not left to inference on this question. The “Schedule” to the amended Constitution, places it beyond all controversy or doubt. By the 2d and 8th sections, the Declaration of Independence, and Ordinance of Secession, as well as all laws, ordinances and resolutions, and acts done in pursuance thereof, under the authority of the usurped State Government, after the 6th of May, 1861, are declared “unconstitutional, null and void, from the beginning.” This is conclusive of this • case.
Affirm the judgment.