IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 12, 2016 Session

## ROGERS GROUP, INC. v. PHILLIP E. GILBERT

**Appeal from the Chancery Court for Davidson County**
**No. 131540IV     Russell T. Perkins, Chancellor**

_____

No. M2015-01044-COA-R3-CV – Filed May 3, 2016
_____

Judgment debtor appeals the entry of a charging order which subjected the debtor's interest in a limited liability company to satisfaction of the judgment debt. Finding that the charging order is not a final judgment for purposes of appeal, we dismiss the appeal and remand the case for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed and Case Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which W. NEAL MCBRAYER and ARNOLD B. GOLDIN, JJ. joined.

Philip L. Robertson and Katherine Garro McCain, Franklin, Tennessee, for the appellants, Stealth Group, Inc. and Phillip E. Gilbert[1]

Daniel H. Puryear and Mike Dillon, Nashville, Tennessee, for the appellee, Rogers Group, Inc.

## OPINION

On April 10, 2014, the Davidson County Chancery Court granted Rogers Group, Inc., ("Rogers") judgment in the amount of $214,071.62 against Stealth Group, Inc., and Phillip Gilbert. The judgment became final, and on March 2, 2015, Rogers filed a motion for an order charging Mr. Gilbert's interest in a Limited Liability Company known as Grandview Farms, LLC, ("Grandview") in satisfaction of the judgment. Mr. Gilbert filed an objection to the motion, asserting that his interest in Grandview was held as tenants by the entirety and not subject to such an order. The Court entered the order on May 7, 2015. Mr. Gilbert

---

[1] Although Phillip E. Gilbert and Stealth Group, Inc. were the defendants in the trial court, the notice of appeal in this case was only filed on behalf of Phillip E. Gilbert; notwithstanding this, briefs were filed on behalf of both defendants. No issue pertaining to Stealth Group, Inc., is raised in this appeal.

appealed, asserting that the trial court erred in entering the order because he and his wife hold their membership interests in Grandview as tenants by the entirety.

Rogers has filed a motion to dismiss the appeal, contending that this Court does not have subject matter jurisdiction over the appeal because the charging order "does not dispose of all the issues pending in the Chancery Court" and, accordingly, the order is not a final judgment appealable as of right as required by Tenn. R. App. P. 3. Mr. Gilbert opposed the motion, and we reserved judgment pending briefing and oral argument.

As a threshold matter, we consider whether the charging order at issue is a final judgment, such that we have jurisdiction to consider the appeal. We begin our analysis with an understanding of the purpose of a charging order:

> A charging order constitutes a lien on the judgment debtor's distributional interest and requires the limited liability company to pay over to the person to which the charging order was issued any distribution that would otherwise be paid to the judgment debtor. The "limited liability company (LLC) charging order remedy" is a remedy derived from the charging order remedy created for the personal creditors of partners and affords a judgment creditor access to a judgment debtor's rights to profits and distributions from the business entity in which the debtor has an ownership interest and precludes a judgment creditor from securing more than repayment of his or her debt. A charging order is the postjudgment remedy specifically tailored to obtain and enforce a lien on the economic value that flows from membership in an LLC. Under the Revised Uniform Limited Liability Company Act, a charging order is the exclusive remedy by which a person seeking to enforce a judgment against a member or transferee may, in the capacity of judgment creditor, satisfy the judgment from the judgment debtor's transferable interest.

51 Am. Jur. 2d Limited Liability Companies § 23 (footnotes omitted).[2]

Charging orders are authorized by Tenn. Code Ann. § 48–249–509, which states:

---

[2] This section of American Jurisprudence 2d discusses the Uniform Limited Liability Company Act and the Revised Uniform Limited Liability Company Act, neither of which has been adopted *in toto* in Tennessee. In this case, we construe the Tennessee Revised Limited Liability Company Act, found at Tenn. Code Ann. §§ 48-249-101 *et. seq.*, which applies to "every domestic LLC formed on or after January 1, 2006." Tenn. Code Ann. § 48-249-1002. The authority from American Jurisprudence 2d is instructive as we interpret and apply the Tennessee statutes.

**Rights of judgment creditor**

On application to a court of competent jurisdiction by any judgment creditor of a member or holder of financial rights, the court may charge such person's financial rights with payment of the unsatisfied amount of the judgment with interest. To the extent so charged, the judgment creditor has only the rights of a transferee of such person's financial rights under § 48-249-507. This section does not deprive any member, holder or transferee of financial rights of the benefit of any exemption laws applicable to the membership interest or financial rights. This section is the sole and exclusive remedy of a judgment creditor with respect to the judgment debtor's membership interest or financial rights.

No other statute guides how a member's interest may be executed upon to satisfy a judgment against the member. We have been cited to no Tennessee cases addressing the issue of finality of a charging order for purposes of appeal, and our research has revealed none. In light of the function of a charging order, as explained at 51 Am. Jur. 2d, as well as the cases discussed below, we deem it appropriate to look to the statutes, rules, and cases pertaining to other forms of execution procedures, such as those involving garnishments.

The similarity between a garnishment and a charging order was discussed in *Arvest Bank v. Byrd* thusly:

The charging order effectively acts to garnish the judgment debtor's financial rights in the limited liability company; a judgment creditor can only collect when the limited liability company makes a distribution or other payment to the judgment debtor with respect to the judgment debtor's transferable interest in the company.

No. 10-02004, 2014 WL 4161987, at *2 (W.D. Tenn. Aug. 19, 2014) (citing Tenn. Code Ann. § 48-249-509). Garnishments are governed by Tenn. Code. Ann. §§ 26-2-201 *et. seq.*, §§ 29-7-101 *et. seq.*, and Tenn. R. Civ. P. 69.

We also find guidance in following language from this Court's opinion in *Smith v. Smith* relative to the nature of a garnishment and the procedure a garnishee is to follow when served:

"Garnishment is in the nature of an attachment of a debt due the judgment debtor from the garnishee; and, service of the garnishment upon the garnishee is a warning to the garnishee not to pay the debt but to answer the garnishment and hold the fund subject to the orders of the Court." *Meadows v. Meadows,* [Davidson Probate App. No. 88-135-II] 1988 WL 116382, at *3 (Tenn. Ct. App. Nov. 2, 1988) (quoting *Stonecipher v. Knoxville Sav. & Loan,* 42 Tenn.

3

App. 86, 298 S.W.2d 785 (1957)). If a garnishee answers the garnishment and admits a certain indebtedness to the judgment debtor, then a judgment against the garnishee in the amount of the admitted debt may be entered. *See* Tenn. Code Ann. § 29–7–112; *Meadows,* 1988 WL 116382, at \*3. However, evidence may be offered to show that a different amount of indebtedness is due. After the trial court ascertains the proper amount of the garnishee's indebtedness to the judgment debtor, it may enter a judgment on the garnishment against the garnishee. *Meadows,* 1988 WL 116382, at \*3.

165 S.W.3d 285, 293 (Tenn. Ct. App. 2004) (footnotes omitted).

The pertinent language of the charging order we review reads as follows:

1. The interest of Defendant [Philip Gilbert] as a member in the LLC [Grandview Farms, LLC] be and hereby is subjected to an encumbrance and Charging Order in favor of and for the benefit of Plaintiff;

2. Plaintiff shall serve a copy of this order on the LLC;

3. Within 30 days of said service, the LLC is hereby directed to file with the Clerk of this Court a sworn answer reporting to the Court all amounts distributable or payable to Defendant at the time of service of this Order and at all subsequent times attributable to any interest owned in the LLC; and in such sworn answer and report, the LLC shall state the value, at the time of service of this Order and at all subsequent times, of both the capital and income accounts attributable to the interest of Defendant in the LLC.

4. The LLC shall not distribute to Defendant any funds or assets whatsoever by virtue of Defendant's interest as a member in or owner of any interest in the LLC, but instead shall pay over to Plaintiff all funds and assets whatsoever which, by virtue of Defendant's interest as a member in or owner of an interest in the LLC would have been distributed to Defendant in the normal course of business of the LLC, up to the amount of the Plaintiff s judgment, plus all post-judgment interest that accrues on same.

Rogers contends that the order is not final because Grandview has not filed the sworn answer as ordered in paragraph 3, stating:

The whole point of such an accounting report is to allow both the Chancery Court and the Plaintiff to examine the information contained in the report, and to respond with any action deemed necessary to effect the objective of the charging order. There is no value in obtaining information from a party, if no action is contemplated upon receipt of the information. In this case, the

4

required accounting report from the LLC is intended to aid the Chancery Court to make a determination as to the exact amount of money, if any, that the LLC owes to the Plaintiff once the LLC's report is filed and rending the charging order not a final judgment.

Mr. Gilbert contends that the charging order is final and appealable "[b]ecause there are no further merits for the trial court's consideration."

Paragraph 1 of the charging order is declaratory in nature, establishing a lien on Mr. Gilbert's interest in Grandview to be used to satisfy Rogers' judgment. Paragraph 3 specifies the manner by which Grandview is to respond to the obligation imposed on it to implement the "exclusive remedy . . . with respect to the judgment debtor's membership interest or financial rights." Tenn. Code Ann. § 48-249-509. Paragraph 4 requires Grandview to pay to Rogers those funds which would have been distributed to Mr. Gilbert in the ordinary course of business. This process is similar to that at Tenn. R. Civ. P. 69.05(3). Significantly, where the garnishee fails to answer or pay the funds into court, a conditional judgment may be entered against the garnishee and, upon becoming final and a writ of execution issue, for the total amount owed to the judgment creditor. Tenn. R. Civ. P. 69.05(4).

In the case at bar, Grandview has not filed an answer as ordered. As noted in *Smith*, the purpose of an answer is to determine "the proper amount of the garnishee's indebtedness to the judgment debtor" which may lead to the entry of a judgment on the garnishment against the garnishee." *Smith*, 165 S.W.3d 285, 293. Grandview stands in the position of such a garnishee and, because it has not yet filed an answer, the trial court does not know the value of Mr. Gilbert's capital and income accounts or any amounts payable to him in the ordinary course of business. In addition, Rogers has not had the opportunity to respond to the same such that the court is able to craft the appropriate order to effectuate the rights granted Rogers under Tenn. Code Ann. § 48-249-509. Thus, there are matters left for the parties and the court to accomplish prior to entering an order which would provide the remedy which is contemplated by Tenn. Code Ann. § 48-249-509; this renders this particular charging order not final. *See Ball v. McDowell*, 288 S.W.3d 833, 836-37 (Tenn. 2009).

We dismiss this appeal for lack of a final order and remand the case for Grandview to comply with the charging order, thereby permitting the court to make the appropriate determinations and to enter a final order in accordance with the rights granted Rogers, as judgment creditor, under the statute.

RICHARD H. DINKINS, JUDGE

5