IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 1, 2020 Session

**TULLAHOMA INDUSTRIES, LLC v. NAVAJO AIR, LLC** ET AL.

**Appeal from the Chancery Court for Franklin County**
**No. 19758     Melissa Thomas Blevins-Willis, Judge**

———————————————————

**No. M2019-02036-COA-R3-CV**

———————————————————

To collect on its judgment, a judgment creditor served a garnishment on a bank. The garnishee bank initially responded that it held funds belonging to the judgment debtor, a limited liability company. Later, the bank responded "no accounts found." The bank had two deposit accounts purportedly belonging to a different entity that shared the same name, address, and principal as the judgment debtor. The bank also had an escrow account of which the judgment debtor was a beneficiary. The judgment creditor argued that these three accounts were subject to the garnishment. The trial court disagreed. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and FRANK G. CLEMENT, JR., P.J., M.S., joined.

Stephen A. Marcum, Huntsville, Tennessee, for the appellant, Navajo Air, LLC.

John R. Wingo, Nashville, Tennessee, for the appellee, U.S. Bank.

**OPINION**

**I.**

Navajo Air, LLC won a judgment against Tullahoma Industries, LLC, a Tennessee limited liability company ("Tullahoma Tennessee"). *See Tullahoma Indus., LLC v. Navajo Air, LLC*, No. M2017-00109-COA-R3-CV, 2018 WL 3752305, at *2 (Tenn. Ct. App. Aug. 7, 2018) (describing the underlying litigation). Seeking to satisfy that judgment, Navajo served a garnishment on U.S. Bank, requiring U.S. Bank to determine if it "possess[ed] or control[led] money or property" of Tullahoma Tennessee and to pay any money into court.

U.S. Bank's garnishment department identified two deposit accounts that matched the business name and address for Tullahoma Tennessee. So U.S. Bank initially placed a hold on those accounts and answered the garnishment accordingly. U.S. Bank then sought to verify that the accounts belonged to the correct entity. To that end, U.S. Bank asked Navajo's counsel for Tullahoma Tennessee's tax identification number. But the number provided did not match the tax identification number for the two frozen accounts. The two frozen accounts were associated with the tax identification number of a Puerto Rican entity with the same name and address as Tullahoma Tennessee ("Tullahoma Puerto Rico").[1]

Navajo's counsel, in a letter to U.S. Bank, clarified that the garnishment "should NOT attach" to assets owned by Tullahoma Puerto Rico. Navajo's counsel advised that Tullahoma Tennessee was the only entity subject to the garnishment. But the letter went on to confirm that U.S. Bank would "file an answer to the garnishment . . . , paying the money into Court."

Instead, U.S. Bank released the hold it had placed on the two accounts associated with Tullahoma Puerto Rico's tax identification number. Because it found no accounts associated with Tullahoma Tennessee's tax identification number, U.S. Bank amended its garnishment answer to "No Accounts Found."

Later, Navajo filed a Motion to Show Cause, seeking to require U.S. Bank "to show cause why a judgment should not be entered against it . . . for failing to honor [the garnishment]." Discovery revealed that the funds in the Tullahoma Puerto Rico accounts were funds payable only to Tullahoma Tennessee under government contracts.[2] Tullahoma Tennessee's majority owner, who also owned Tullahoma Puerto Rico, had directed the funds into the Tullahoma Puerto Rico accounts. Discovery also revealed that, at the time the garnishment was served, U.S. Bank had a Tullahoma Tennessee escrow account.

According to Navajo, the funds in the Tullahoma Puerto Rico deposit accounts and the Tullahoma Tennessee escrow account were subject to garnishment. So, Navajo claimed, U.S. Bank answered the garnishment inaccurately and failed to pay money belonging to Tullahoma Tennessee into court. U.S. Bank countered that it accurately answered the garnishment. It argued that funds in the accounts associated with Tullahoma Puerto Rico's tax identification number could not be garnished to satisfy Navajo's judgment against Tullahoma Tennessee. U.S. Bank also argued that the escrow account benefiting Tullahoma Tennessee was not subject to garnishment.

---

[1] Neither Tullahoma Tennessee nor Tullahoma Puerto Rico is a party to this appeal.

[2] Navajo supplied materials to Tullahoma Tennessee for these contracts. Navajo's judgment against Tullahoma Tennessee was for Tullahoma Tennessee's failure to pay for materials.

The trial court ruled in favor of U.S. Bank. The court reasoned that the only issue was whether U.S. Bank properly responded to Navajo's garnishment. The conduct of the owner of the entities was not relevant to the actions taken by U.S. Bank. U.S. Bank relied on tax identification numbers and correspondence from Navajo's counsel in concluding that it did not have garnishable funds of Tullahoma Tennessee. And "it was months into the litigation" before anyone discovered the source of the funds in the Tullahoma Puerto Rico accounts. So, the court reasoned, U.S. Bank acted appropriately in responding to the garnishment.

## II.

On appeal, Navajo argues that U.S. Bank failed to honor the garnishment. As it did in the trial court, Navajo contends that the funds in the deposit accounts associated with Tullahoma Puerto Rico's tax identification number and the escrow account benefiting Tullahoma Tennessee were subject to garnishment. U.S. Bank maintains that none of those funds could be garnished to satisfy Navajo's judgment against Tullahoma Tennessee. U.S. Bank also takes issue with Navajo's Motion to Show Cause as "procedurally inappropriate."

These issues "involve[] interpretation and application of the garnishment statutes." *Smith v. Smith*, 165 S.W.3d 285, 293 (Tenn. Ct. App. 2004). The parties stipulated to the relevant facts. Statutory interpretation "and the application of a statute to particular facts involve questions of law, subject to *de novo* review." *Id.* at 292-93 (citing *Ganzevoort v. Russell*, 949 S.W.2d 293, 296 (Tenn. 1997); *State ex rel. Comm'r of Transp. v. Med. Bird Black Bear White Eagle*, 63 S.W.3d 734, 754 (Tenn. Ct. App. 2001)).

## A.

U.S. Bank argues that the trial court's judgment may be affirmed solely because Navajo's "Motion to Show Cause" was improper procedurally. A court may require a garnishee "to show cause why [final judgment] should not be rendered" after a conditional judgment has been entered against the garnishee. Tenn. Code Ann. § 26-2-209 (2017). But a conditional judgment is appropriate only "[i]f the garnishee fails to appear or answer." *Id.*; *see also id.* § 29-7-114 (2012); *Smith*, 165 S.W.3d at 294-95. *But see* Tenn. R. Civ. P. 69.05(4) ("If the garnishee fails to timely answer *or pay money into court*, a conditional judgment may be entered against the garnishee . . . .") (emphasis added). Here, U.S. Bank did answer, claiming that it had "[n]o accounts" of Tullahoma Tennessee subject to garnishment.

Still, a garnishee's answer "is not conclusive." *See* Tenn. Code Ann. § 26-2-205 (2017). The garnishment statutes allow for a garnishee to be examined even after it has answered. *See id.* §§ 26-2-204 (2017), 26-2-206 (2017), 29-7-103 (2012); *see also Dexter Ridge Shopping Ctr., LLC v. Little*, 358 S.W.3d 597, 606 (Tenn. Ct. App. 2010) ("If there

is any dispute as to the amount of the garnishee's indebtedness to the judgment debtor, or as to whether there is any such indebtedness, the trial court may receive evidence on the indebtedness of the garnishee to the debtor."). The examination can extend beyond whether the garnishee had possession or control of "any property, debts, or effects belonging to the [judgment debtor]." Tenn. Code Ann. § 26-2-204(a)(2). It may also include an inquiry into the "property, debts, and effects" of the judgment debtor held by others. *Id.* § 26-2-204(a)(3). So we treat the motion to show cause as a request to examine U.S. Bank following its answer. *See Tolliver v. Tellico Vill. Prop. Owners Ass'n*, 579 S.W.3d 8, 16 (Tenn. Ct. App. 2019) ("The title of a pleading is not dispositive."); *Abshure v. Methodist Healthcare-Memphis Hosps.*, 325 S.W.3d 98, 104 (Tenn. 2010) (recognizing that courts "should give effect to the substance of [a] pleading rather than its form").

B.

After obtaining a judgment, the judgment creditor "may seek enforcement or satisfaction [of the judgment] by any method permitted by law." *See Advanta Bus. Servs. Corp. v. McPherson*, No. W1999-02682-COA-R9-CV, 2000 WL 371194, at *3 (Tenn. Ct. App. Apr. 11, 2000) (emphasis omitted) (quoting *McCall v. Johnson*, No. 01A01-9408-CH-00392, 1995 WL 138898, at *2 (Tenn. Ct. App. Mar. 31, 1995)). One method of satisfaction permitted by law is by "attachment." *See* Tenn. Code Ann. § 29-6-101 (2012). And when "third persons are indebted to [the judgment] debtor, the attachment may be by garnishment." *Id.* § 29-7-101 (2012); *see id.* §§ 26-2-202 (2017), 29-7-112 (2012); *Smith*, 165 S.W.3d at 293 (explaining that a garnishment "is in the nature of an attachment of a debt due the judgment debtor from the garnishee" (citation omitted)). So a garnishment action is a proceeding in which the judgment creditor "seeks to subject to his claim . . . money owed by [a] third person to [the judgment debtor]." *Stonecipher v. Knoxville Sav. & Loan Ass'n*, 298 S.W.2d 785, 787 (Tenn. Ct. App. 1956). The third person, "in whose hands such effects are attached[,] is the garnishee." *Id.*

Once the judgment creditor serves the garnishment, the garnishee "may be required" to answer it. Tenn. Code Ann. § 26-2-204(a). Among other things, the answer may "determine 'the proper amount of the garnishee's indebtedness to the judgment debtor.'" *Rogers Grp., Inc. v. Gilbert*, No. M2015-01044-COA-R3-CV, 2016 WL 2605651, at *4 (Tenn. Ct. App. May 3, 2016) (quoting *Smith*, 165 S.W.3d at 293). If the garnishee is indebted to the judgment debtor, the judgment creditor may win a judgment against the garnishee. *See J.C. Mahan Motor Co. v. Lyle*, 67 S.W.2d 745, 746 (Tenn. 1934) ("[I]t must appear that there is a debt 'existing in favor of the debtor, which . . . the debtor could sue the garnishee for and recover.'" (citation omitted)); *Rowland v. Quarles*, 100 S.W.2d 991, 994 (Tenn. Ct. App. 1936) ("Test of right of judgment creditor to judgment against garnishee is existence of indebtedness owing by garnishee to judgment debtor." (citation omitted)).

4

As relevant here, "a bank/depositor relationship is treated as a debtor/creditor relationship." *Rogers v. First Nat'l Bank*, No. M2004-02414-COA-R3-CV, 2006 WL 344759, at *9 (Tenn. Ct. App. Feb. 14, 2006) (citing *Wagner v. Citizens' Bank & Tr. Co.*, 122 S.W. 245, 247 (Tenn. 1909); *Macon Cty. Livestock Mkt., Inc. v. Ky. State Bank, Inc.*, 724 S.W.2d 343, 349 (Tenn. Ct. App. 1986)). The bank "acquires title to the money deposited, and becomes the depositor's debtor for the amount deposited." *Id.* (quoting 9 C.J.S. *Banks & Banking* § 270 (1996)); *see Hamilton Nat'l Bank of Chattanooga v. Swafford*, 376 S.W.2d 470, 477 (Tenn. 1964); *Grissom v. Commercial Nat'l Bank*, 10 S.W. 774, 776 (Tenn. 1889); *First Am. Nat'l Bank of Nashville v. Commerce Union Bank of White Cty.*, 692 S.W.2d 642, 646 (Tenn. Ct. App. 1985); *Gardner v. Supreme Camp of the Am. Woodmen*, 11 Tenn. App. 52, 59 (1929).

Here, Navajo, the judgment creditor, sought to satisfy its judgment against Tullahoma Tennessee, the judgment debtor, by garnishment. If U.S. Bank, the garnishee, controlled funds of Tullahoma Tennessee, it was to surrender them to the court. *See* Tenn. Code Ann. § 26-2-208 (2017) ("As soon as the property is declared to be the property of the [judgment debtor] . . . , it shall be delivered up to the officer serving the garnishment, on demand."). U.S. Bank answered that it had "[n]o accounts" of Tullahoma Tennessee subject to garnishment. Navajo claims that U.S. Bank actually had three accounts subject to garnishment, two deposit accounts and an escrow account.

Navajo bore the burden of proving that U.S. Bank was indebted to Tullahoma Tennessee. *See In re Rice's Appeal*, 219 S.W.2d 177, 180 (Tenn. 1949) (reasoning that "a garnishee is [not] required to carry the burden of showing that he is not indebted to the judgment creditor"); *see also In re Jefferson's Appeal*, 219 S.W.2d 181, 184 (Tenn. 1949) (Neil, J., concurring). Although the deposit accounts bore the business name and address of both Tullahoma Tennessee and Tullahoma Puerto Rico, the accounts only included the tax identification number for Tullahoma Puerto Rico. Navajo failed to show that Tullahoma Tennessee, instead of Tullahoma Puerto Rico, was the customer on these accounts. *See* Tenn. Code Ann. § 47-4-104(a)(5) (Supp. 2020) (defining "customer" as the "person having an account with a bank"). So Navajo could not garnish those funds to satisfy a judgment against Tullahoma Tennessee. *See id*. § 29-7-101; *J.C. Mahan Motor Co.*, 67 S.W.2d at 746.

Navajo suggests we ignore that Tullahoma Puerto Rico was the customer. Because the funds in the accounts were truly those of Tullahoma Tennessee, Navajo argues, U.S. Bank "ha[d] property and effects of [Tullahoma Tennessee] subject to the attachment." *See* Tenn. Code Ann. § 29-7-112. This argument misunderstands the nature of bank accounts. Tullahoma Puerto Rico did not own the funds in its accounts, much less Tullahoma Tennessee. U.S. Bank did. *See Rogers*, 2006 WL 344759, at *9. Once deposited, the funds were no longer the depositor's property or effects, even if the depositor was Tullahoma Tennessee. *See Rowland*, 100 S.W.2d at 994.

5

As for the escrow account, Tullahoma Tennessee's tax identification number was associated with the account. But the account could not be garnished to satisfy Navajo's judgment either. Under the escrow agreement for the account, U.S. Bank was the escrow agent. It was to hold the funds in the account to be disbursed pursuant to joint letters of direction from Tullahoma Tennessee and another entity. So the escrow account functioned as a trust account. *See Kopsombut-Myint Buddhist Ctr. v. State Bd. of Equalization*, 728 S.W.2d 327, 333 (Tenn. Ct. App. 1986) (listing the elements for creation of an express trust). Tullahoma Tennessee assigned to U.S. Bank, as the trustee,[3] "all of its right, title and interest to [the] monies [in the account]." *See In re Cannon*, 277 F.3d 838, 850 (6th Cir. 2002) (explaining that the trustee holds legal title to the trust property). Thus, the funds in the account—or, more precisely, Tullahoma Tennessee's interest in those funds— were trust property, not the property of Tullahoma Tennessee.

Nor was U.S. Bank indebted to Tullahoma Tennessee as to those funds. A garnishment can only reach debts "absolutely existing." *Rowland*, 100 S.W.2d at 995 (citation omitted). There must be a debt for which the "[judgment] debtor could sue the garnishee . . . and recover." *J.C. Mahan Motor Co.*, 67 S.W.2d at 746. Tullahoma Tennessee had no power to withdraw the funds under the escrow agreement. U.S. Bank could only disburse the funds if both Tullahoma Tennessee and the other entity agreed to the disbursement in a joint letter of direction. Tullahoma Tennessee could not have sued U.S. Bank to recover the funds. So Navajo could not garnish the escrow account. *See Rowland*, 100 S.W.2d at 995 (reasoning that the judgment creditor "can occupy no higher ground" than the judgment debtor "in asserting rights against [the] garnishee" (citation omitted)).

### III.

Navajo failed to carry its burden to show that U.S. Bank was indebted to Tullahoma Tennessee. U.S. Bank only maintained deposit accounts of Tullahoma Puerto Rico, a separate entity, and an escrow account of which Tullahoma Tennessee was a beneficiary. Because the accounts were not subject to garnishment as money owed to Tullahoma Tennessee, we affirm the denial of further relief to Navajo on its garnishment.

s/ W. Neal McBrayer
W. NEAL MCBRAYER, JUDGE

---

[3] We note, however, that U.S. Bank owed "no fiduciary or discretionary duties of any kind" under the escrow agreement.

6